## Gunzenhauser v. The Prussian National Insurance Co., Appellant.

*Insurance—Fire Insurance—Collapse of building—Evidence—Charge of court.*

1. In an action upon a policy of fire insurance, providing "if a building or any part thereof fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease," the case was necessarily for the jury, where the evidence was conflicting as to whether the fall of the floors and wall caused the fire, or the fire caused the floors and wall to fall.

2. In such case it was not error for the court to exclude testimony offered by the defendant to show that on a number of occasions, several months prior to the fire, the plaintiff had overloaded the third floor of the building, where the offer was accompanied by an admission by defendant's counsel that he did not intend to prove that the overloading had any visible effect on the wall.

3. Such a case will not be reversed on the ground that the court below laid too much stress on the testimony of the plaintiff, and too little on the testimony of the defendant, where the court expressly told the jury that he did not pretend to state the testimony of the witnesses with any degree of fullness, and did not deem it necessary, as counsel for both parties had done so in their arguments, and especially where the court had affirmed all of the defendant's points except the one asking for binding instructions, and concluded his charge by directing the jury to take up and consider the testimony of all the witnesses, and where a consideration of the charge did not indicate that it was inadequate or unfair.

Argued April 19, 1913. Appeal, No. 356, Jan. T., 1912, by defendant, from judgment of C. P. Lancaster Co., Jan. T., 1911, No. 44, on verdict for plaintiff in case of Christian Gunzenhauser v. The Prussian National In-

surance Company, of Stettin, Germany.   Before MES-
TREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.   Af-
firmed.

Assumpsit on a policy of fire insurance.   Before
LANDIS, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,647.21, and judgment
thereon.   Defendant appealed.

*Errors assigned* were various rulings of the trial
judge, and the charge to the jury.

*John A. Coyle,* with him *William H. Keller* and *Fran-
cis R. Shattuck,* for appellant.

*W. U. Hensel,* with him *Henry Carpenter,* for ap-
pellee.

PER CURIAM, May 28, 1913:

The policy on which suit was brought provides that
"if a building or any part thereof fall, except as the re-
sult of fire, all insurance by this policy on such building
or its contents shall immediately cease."   The defend-
ant claimed that the building was overloaded by the
plaintiff, that part of the floors and wall fell by reason
of the overloading, and as a consequence thereof the
fire occurred.   The plaintiff contended that the fire pre-
ceded and was the cause of the falling of the walls and
floors.   The only question in the case, therefore, was
whether the fall of the floors and wall caused the fire
or the fire caused the floors and the wall to fall.   In
charging the jury the learned judge said, inter alia:
"If the wall fell before there was any fire in the build-
ing, then your verdict must be for the defendant; for,
upon the falling of the wall, the insurance ceased.   But,
if the fire started in the building, and when after that,
and as a result of the fire, the wall collapsed, then the

defendant company is liable for the amount of the loss sustained by the plaintiff by reason of the fire."

The first and second assignments allege error in the exclusion of the testimony offered by the defendant to show that on a number of occasions several months prior to the fire the plaintiff had overloaded the third floor of the building. The offer was accompanied by the admission of defendant's counsel that they did not propose to show that the overloading had any visible effect on the wall. The testimony was excluded for this reason. It may be, as the learned counsel for the defendant argue, that the testimony was of exceeding importance to their client, but we fail to see its relevancy in view of their admission. If the overloading had no effect on the wall it certainly was not a contributing cause to the fall of the building. If it did affect the wall, it was incumbent on the defendant to show the fact, and failing to do so, the jury could not be permitted to find that such was the effect of the overloading.

We see no merit in the third and fourth assignments which allege that in its charge the court laid too much stress on the testimony of the plaintiff and failed to direct the jury's attention to the evidence of the defendant. The learned judge told the jury that he didn't pretend to state the testimony of the witnesses with any degree of fullness and did not deem it necessary, as counsel for both parties had done so in their arguments. In addition to the charge proper, the learned judge affirmed all the defendant's points except the one asking for binding instructions, and concluded the charge by directing the jury to take up and consider the testimony of all the witnesses. We do not think the charge was either inadequate or unfair.

The judgment is affirmed.